McLaughlin *v.* Western Railroad Corporation.

JOHN MCLAUGHLIN *vs.* WESTERN RAILROAD CORPORATION.

Under Rev. Sts. c. 109, § 50, a person, adjudged a trustee, can retain out of the goods in his hands for his costs and charges, only such sum as may be allowed by the court in which he is charged. If that taxation is erroneous, it may be appealed from, but the question cannot be raised in a suit against such trustee by the principal debtor for the balance in his hands.

THIS case was submitted to the court of common pleas, and by appeal to this court, upon an agreed statement of facts, which are sufficiently disclosed in the opinion of the court.

*J. D. Colt,* for the defendants.

*J. S. Page,* for the plaintiff.

BY THE COURT.[1]   On the 1st of July, 1852, the defendants were indebted to the plaintiff, for labor, as certified by the agent, in the sum of $20.61.   On that day they were summoned as trustees, in a suit by one Manning.   Judgment was rendered for the plaintiff, in that suit, in the police court of Pittsfield, for $14.52, debt and costs, and the defendants were charged as trustees on their answer.   By their answer, the defendants claimed to deduct from the funds admitted to be in their hands, for travel, $2.64, attendance, 33 cents, answer, $1.00, oath, 20 cents = $4.17.   The justice of the police court allowed for the answer $1, travel and attendance, 66 cents = $1.66, and no more.   From this allowance and taxation of costs, the defendants, as trustees, took no appeal.

---

[1] BIGELOW, J., and THOMAS, J., did not sit in this case.

The defendants, after paying the amount due on the exe‑ cution, deducted the $4.17 claimed to be retained by them, though disallowed in part by the court, paid the plaintiff the amount admitted by them to be due to him, after making that deduction, but refused to pay him the difference between the sum now claimed by them and the sum allowed by the police court. This action is brought to recover that difference. In the court of common pleas the facts were agreed. On these facts, the court held that the plaintiff was entitled to recover. A trustee cannot claim his costs out of the funds of the original defendant, in his hands, except by the judgment of the court. They submitted their claim to the police court; that court passed upon it and disallowed it in part. The taxa‑ tion of costs is a judicial act. If it was erroneous, and the trustees had any remedy, it was by appeal; having claimed no appeal, nor taken any measure to reverse such judgment or correct the supposed error, it stands as conclusive, and they cannot draw its correctness in question in a collateral suit.

*Judgment for the plaintiff.*